Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 840 | DATE | July 6, 2004 |
| CASE TITLE | Ciber, Inc. v Ciber Consulting, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☒ Status hearing held.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ☒ [Other docket entry]
Memorandum opinion and order entered. Plaintiff's motion to dismiss the instant action is granted. Plaintiff's claims are dismissed with prejudice, and defendants' claims are dismissed without prejudice. Defendants' request for attorneys' fees is denied.

(11) ☒ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 0 8 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 76 |
| | Copy to judge/magistrate judge. | | | |
| GS courtroom deputy's initials | | 2004 JUL -7 PM 4:35 | date mailed notice | |
| | | date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CIBER, INC., a Delaware corporation, )
)
Plaintiff, )
) No. 03 C 0840
v. )
) Judge Robert W. Gettleman
CIBER CONSULTING, INC., a dissolved Illinois )
corporation; BRUCE F. EVANS, an individual; )
CYNTHIA B. EVANS, an individual; JOHN )
DOES 1-10, individuals, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff CIBER, Inc. initiated the instant trademark infringement action against defendants CIBER Consulting, Inc., Bruce Evans, Cynthia Evans, and John Does 1-10, alleging that defendants' use of the trade name "Ciber Consulting, Inc." infringed plaintiff's "CIBER" mark. Specifically, plaintiff's second amended complaint asserts five claims: trademark infringement under the Lanham Act, 15 U.S.C. §§ 1051 et seq. (Count I); federal unfair competition and false advertising under the Lanham Act (Count II); common law unfair competition and unfair business practices (Count III); deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq. (Count IV); and unfair competition and deceptive trade practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. (Count V). Defendants have asserted a counterclaim under 15 U.S.C. § 1119, entitled "Request for Cancellation of the Mark 'CIBER,'" which, among other things, alleges that plaintiff's registrations are "generic and not entitled to registration as trademarks."

DOCKETED
JUL 0 8 2004

On May 7, 2004, plaintiff filed a motion to voluntarily dismiss its claims with prejudice and dismiss defendants' counterclaim as moot, which has been opposed by defendants. For the reasons stated herein, the court grants plaintiff's motion to dismiss its claims with prejudice, and dismisses defendants' counterclaim without prejudice.

## FACTS

Plaintiff owns several trademark registrations for the CIBER mark, including U.S. Trademark Registration Nos. 1,185,100 and 1,479,942. According to the instant motion, plaintiff provides a number of business and computer consulting services under that mark. Defendant CIBER Consulting, Inc. provides information management consulting services in the nuclear energy field. The instant suit for trademark infringement arose from defendants' use of the trade name CIBER Consulting, Inc.

Through discovery, plaintiff learned that: (1) CIBER Consulting, Inc.'s customer base does not exceed five customers; (2) Bruce Evans is CIBER Consulting, Inc.'s only employee; and (3) CIBER Consulting, Inc. has not done any broadcast advertising and does not have an internet presence. Moreover, in the instant motion plaintiff contends that "it is highly unlikely that defendants ever will expand either their business or their advertising," and notes that defendants no longer hold the right to use the trade name Ciber Consulting, Inc. in their home state of Illinois. According to plaintiff, it secured registration of the Ciber Consulting, Inc. trade name after defendant was administratively dissolved for failure to renew its trade name registration. Based on this information, plaintiff concluded that the use of the CIBER Consulting, Inc. trade name is de minimis, does not present a likelihood of confusion, and does not justify further litigation. Hence the instant motion to dismiss.

2

In its motion to dismiss, plaintiff requests "dismissal with prejudice of all claims covering Defendants' past and present use of its trade name, which effectively insulates Defendants from suit based on current or past use of the mark." According to plaintiff, dismissal with prejudice of its claims compels the dismissal of defendants' counterclaim for cancellation, as well, because once plaintiff's claims are dismissed, there will no longer be a case or controversy that would provide the court with jurisdiction under Article III of the Constitution to hear defendants' counterclaim. Defendants disagree, challenging plaintiff's characterization of their future business prospects (or lack thereof) and arguing, inter alia, that Fed. R. Civ. P. 41(a)(2) prevents dismissal of the instant action over defendants' objection. For the reasons stated below, the court reject's defendants' position and grants the instant motion to dismiss.

## DISCUSSION

Article III of the United States Constitution limits the exercise of judicial power to "cases" and "controversies." Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227 (1937). In Aetna, the Supreme Court distinguished a "justiciable controversy" from a "difference or dispute of a hypothetical or abstract character." Id. at 241. According to the Aetna Court, a "justiciable controversy" must be "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id. The question central to the instant motion, then, is whether defendants' counterclaim could be properly characterized as a "justiciable controversy" after the dismissal of plaintiff's claims with prejudice.

Relying on Windsurfing Int'l Inc. v. AMF Inc., 828 F.2d 755 (Fed. Cir. 1987), and its progeny, plaintiff maintains that the dismissal of its claims with prejudice divests this court of

jurisdiction over defendants' § 1119 counterclaim. In Windsurfing Int'l, after filing a suit for patent infringement, the plaintiff sent letters to the defendant demanding that it cease using "Windsurfer" to refer to one of its products and threatening "more formal proceedings" if the defendant did not comply with its request. Id. at 756. Defendant complied, but subsequently filed a counterclaim to cancel the plaintiff's "windsurfer" trademark, arguing that the "windsurfer" mark was generic and thus did not function as a trademark. The plaintiff moved to dismiss the defendant's trademark counterclaim for lack of subject matter jurisdiction, arguing that the defendant "had alleged insufficient facts to create a case or controversy under Article III of the Constitution." Id. The trial court denied the plaintiff's motion to dismiss and found in favor of the defendant on the merits of its counterclaim. The Federal Circuit vacated the judgment.

Noting that "[a] justiciable controversy is one that touches the legal relations of parties having adverse legal interests," id. at 758 (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-241 (1937)), the court explained:

> [T]he defendant's "desire" to use "windsurfer" and "windsurfing" descriptively may render its commercial interests adverse to those of [the plaintiff], but absent a combination of [the defendant's] use of the mark and threats or suits by [the plaintiff], the legal interests of [the plaintiff and defendant] are not adverse.

Id. at 758 (emphasis added).

The Windsurfing Int'l court continued:

> Under the Lanham Act, district courts have the power to cancel registrations, but only in an "action involving a registered mark." 15 U.S.C. § 1119. "Involving" cannot mean the mere presence of a registered trademark, but must be read as involving the right to use the mark and thus the right to maintain the registration. There must, therefore, be something beyond the mere competitor status of the parties to confer jurisdiction. Such a basis may,

for example, be a suit for trademark infringement, or a "case of actual controversy" referred to in the Declaratory Judgment Act, 28 U.S.C. 2201.

Id. at 758-59 (internal citations omitted).

Relying on the Second Circuit's definition of "case or controversy," id. at 757, the court concluded that the defendant's status as a competitor of the plaintiff did not "create such an 'actual controversy' effective to create jurisdiction in the district court." Id. at 759.

The facts in the instant case compel a similar result. Plaintiff has sought dismissal of its claims with prejudice, which would bar any suit based on defendants' current or past use of the "CIBER" mark. In the absence of such an infringement suit, or the threat of such a suit, there is no justiciable case or controversy.

Defendants' assertion that "plaintiff will most assuredly reassert a claim for trademark infringement if and when defendants' business expands or changes in any way," does not dictate a contrary outcome. Defendants state that they "have every intention of expanding their business to serve additional clients and, if the opportunity presents itself, expanding the business into areas outside of the field of nuclear records management." Defendants' stated "intentions" with respect to their use of "CIBER," without more, however, are insufficient to create a justiciable controversy. As the court stated in Aetna, a "difference or dispute of a hypothetical or abstract character" does not qualify as a justiciable controversy under Article III. Compare G. Heileman Brewing Co., Inc. v. Anheuser-Busch, Inc., 873 F.2d 985, 991 (7th Cir. 1989) (finding "actual controversy" requisite to maintaining declaratory judgment action to invalidate trademark because "[b]y making active preparations [plaintiff] has shown that he has more than a mere speculative interest in the validity and applicability of the [defendant's trademark]. His interest

is direct, real, and immediate, not a mere academic one.") (quoting 6A J. Moore, Moore's Federal Practice ¶ 57.20, at 57-217).

A similar factual scenario was contemplated by the Federal Circuit in Super Sack Manufacturing Corp. v. Chase Packaging Corp., 57 F.3d 1054 (Fed. Cir. 1995). The plaintiff in Super Sack brought a patent infringement action against the defendant, who in turn filed a counterclaim for declaratory judgments of both noninfringement and invalidity. Before trial, the plaintiff filed a motion to dismiss, in which it "unconditionally agree[d] not to sue [defendant] for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by [defendant]." Id. at 1056. In light of the plaintiff's representation, the district court dismissed the case for lack of an actual controversy under Article III. Id. at 1057.

The court of appeals affirmed. The Super Sack court rejected the defendant's argument that the promise not to sue failed to eliminate the controversy between the parties:

> Chase also contends that Super Sack's promise not to sue fails to eliminate the controversy between them because, however absolute it may be with respect to past and present products, the promise does not cover products that Chase may make, sell or use in the future. But, as our cases have made clear, the second part of our test of declaratory justiciability respecting patent rights requires that the putative infringer's "present activity" place it at risk of infringement liability. Chase has, of course, never contended that it has already taken meaningful preparatory steps toward an infringing activity by planning to make a new product that may later be said to infringe....The residual possibility of a future infringement suit based on Chase's future acts is simply too speculative a basis for jurisdiction over Chase's counterclaim for declaratory judgments of invalidity.

Id. at 1059-60 (emphasis in original) (internal citations omitted).

Although Super Sack involved a counterclaim for declaratory judgment of patent invalidity, as opposed to a counterclaim for trademark cancellation under § 1119, the principles announced by the Federal Circuit inform the analysis of the instant motion. See Harris Trust &

Savings Bank v. E-II Holdings, Inc., 926 F.2d 636, 639 (7th Cir. 1991) ("actual controversy" requirement under § 2201(a) of the Declaratory Judgment Act "tracks the 'cases' or 'controversies' requirement of Article III"); G. Heileman Brewing Co., Inc., 873 F.2d at 990 (applying test for establishing actual controversy in patent infringement declaratory judgment action to trademark dispute); Windsurfing, Int'l, 828 F.2d at 757 ("Because declaratory judgment actions involving trademarks are analogous to those involving patents, we may also, when necessary, find guidance in the precedents of [the Federal Circuit].") (internal citations omitted).

As in Super Sack, defendants' stated intentions to expand their use of the "CIBER" mark, standing alone, are simply too speculative to create a case or controversy in the instant case. As plaintiff points out in its motion to dismiss, defendants no longer even hold the right to use the trade name Ciber Consulting, Inc. in their home state of Illinois because plaintiff registered the Ciber Consulting, Inc. trade name after defendants failed to register that trade name for their own use. Nor have defendants buttressed their stated goal of expanding their business beyond the nuclear records management industry with any factual support. These facts (or lack thereof), taken together with plaintiff's voluntary dismissal of its claims with prejudice, convince the court that defendants' counterclaim does not present a justiciable case or controversy. As plaintiff points out in its reply brief, "[d]efendants are free to continue their present conduct indefinitely with no fear of litigation from [plaintiff]"; and in the language of the Federal Circuit in Super Sack, "[t]he residual possibility of a future infringement suit based on [defendants'] future acts is simply too speculative a basis for jurisdiction over [defendant's] counterclaim...."

The cases cited by defendants do not compel a different result. International Order of Job's Daughters v. Lindeburg & Co., 727 F.2d 1087 (Fed. Cir. 1984), involved an appeal from a

decision of the Patent and Trademark Office's Trademark Trial and Appeal Board regarding a petition to cancel a trademark under Section 14 of the Lanham Act, 15 U.S.C. § 1064. The counterclaim at issue in the instant case, in contrast, was brought under 15 U.S.C. § 1119. Accordingly, the standing analysis employed by the International Order of Job's Daughters court does not control the justiciability analysis of defendants' counterclaim in the instant suit. See Windsurfing Int'l, 828 F.2d at 758 (explaining that "Section 14(c) of the Lanham Act does authorize persons interested in using marks that have become the common descriptive names of articles to petition the Patent and Trademark Office to cancel registration of those marks.... It does not, however, authorize suits for cancellation in district court.").

Secular Organizations for Sobriety, Inc. v. Ullrich, 213 F.3d 1125 (9th Cir. 2000), is similarly distinguishable. In Ullrich, the plaintiff brought a suit for trademark infringement and unfair competition, and the defendant counterclaimed for, inter alia, cancellation of the plaintiff's mark. After a bench trial, the district court ruled against the plaintiff on its trademark infringement and unfair competition claims and granted an injunction forbidding the plaintiff from using the disputed marks in California, where it had established prior use; the trial court declined to cancel the plaintiff's mark, however.

The plaintiff appealed and the defendant cross-appealed, arguing that the trial court improperly refused to reach the merits of its counterclaim for cancellation. The Ninth Circuit reversed the dismissal of the counterclaim, explaining that, had the district court ruled in defendant's favor on its cancellation counterclaim, the defendant "would consequently be able to expand its use of the marks beyond its current boundaries" and thus would obtain greater benefits than the injunction alone provided. Id. at 1131. The court concluded that "those additional

8

benefits mean that the federal cancellation claim is not moot and that the district court should have decided the question." Id. In contrast to the instant case, the Ullrich court was not squarely presented with the question of whether the voluntary dismissal of a plaintiff's infringement claims with prejudice divests a court of Article III jurisdiction over a defendant's counterclaim for cancellation; to the contrary, the infringement claims in Ullrich remained pending through a four day bench trial. Id. at 1129. The Ullrich court simply had no occasion to consider Aetna and its progeny.

Trico Products Corp. v. Anderson Co., 147 F.2d 721 (7th Cir. 1945), the only Seventh Circuit precedent cited by defendants, is also distinguishable from the instant case. In Trico Products, a patent infringement suit, the district court dismissed the defendant's counterclaim for a declaratory judgment of invalidity. On appeal, the Seventh Circuit concluded that the dismissal was improper, because a ruling of non-infringement at trial would not necessarily resolve the defendant's invalidity claim. See id. at 722. In that case, however, the infringement claims were still pending at the time the counterclaim was dismissed. Id. at 723. Accordingly, the Trico Products decision (rendered long before Aetna and Super Sack) did not contemplate the justiciability of a cancellation counterclaim in the absence of a pending infringement claim.

Defendants' last argument, that Fed. R. Civ. P. 41(a)(2) bars dismissal of the instant suit, is similarly unpersuasive. Rule 41(a)(2) provides:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court....

9

Rule 41(a)(2),[1] however, cannot trump the constitutional considerations raised by the instant motion to dismiss, which are outlined above. The court thus declines defendants' invitation to construe Rule 41(a)(2) in a manner that would conflict with the mandates of Article III.

This conclusion is consistent with Lackner Co., Inc. v. Quehl Co., 145 F.2d 932 (6th Cir. 1944), relied upon by defendants. In Lackner, a patent infringement case, the plaintiffs offered to dismiss with prejudice their suit for patent infringement, to give free license and to forgive past infringement by defendant, and further consented to dismissal of the defendant's counterclaim for invalidity. Id. at 933. The defendant refused to consent to the dismissal, however, and the court proceeded to enter judgment in defendant's favor on its counterclaim. On appeal, the plaintiffs argued that the district court lacked jurisdiction to adjudicate the counterclaim because no case or controversy existed.

The Sixth Circuit disagreed. Noting at the outset that "the controlling question is whether any controversy existed, for otherwise the District Court is without jurisdiction to grant declaratory relief," id. at 933, the Lackner court continued, id. at 934:

> Here, while the plaintiffs offered to grant a free license and to dismiss the action with prejudice, they did not admit noninfringement, but forgave past infringement, and therefore continued to assert that the defendant had infringed. Hence the defendant is still entitled to attack the validity of the patent through an application for declaratory judgment.

---

[1]The court notes that Rule 41(a)(2) prohibits dismissal of a claim when a counterclaim lacks independent grounds of jurisdiction. See 9 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 2365; Technimark, Inc. v. Crellin, Inc., 14 F. Supp. 2d 762, 767 (M.D.N.C. 1998) ("Dismissal is prohibited [under Rule 41(a)(2)] when it would destroy federal jurisdiction over a counterclaim. Where an independent jurisdictional basis exists for a counterclaim, Rule 41(a)(2) does not bar dismissal of a plaintiff's claim.").

After concluding that an actual controversy existed, the Lackner court added that Rule 41(a)(2) prohibited dismissal of the action over defendant's objection. Id. at 934. Contrary to defendants' representation to the court in the instant case, however, the Lackner court did not resolve the case or controversy issue on the basis of Rule 41(a)(2). Rather, the court did not reach the Rule 41(a)(2) issue until after concluding that an actual controversy existed that would confer jurisdiction on the district court. The court also notes that, like Trico, Lackner was decided 60 years ago, long before Aetna and Super Sack.

In the instant case, there is no justiciable controversy because plaintiff has issued a statement of non-liability with respect to defendants' current and past use of the CIBER mark, and agreed not to sue defendants for any past or current conduct relating to that mark. Rule 41(a)(2) is simply beyond the point. See, e.g., Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc., 248 F.3d 1333, 1340, n.6 (Fed. Cir. 2001) (explaining that because dismissal of counterclaim in patent infringement suit was based on plaintiff's statement of nonliability, which divested district court of Article III jurisdiction, Rule 41(a) was inapplicable); Super Sack, 57 F.3d at 1057, n.2 (finding Rule 41(a)(2), to which district court referred in its dismissal order, inapplicable, but nonetheless determining that the district court properly dismissed the case for lack of an Article III controversy in light of plaintiff's promise not to sue for current or past acts of alleged infringement).

This leaves defendants' request for attorneys' fees, which the court denies. Defendants simply have not persuaded the court that this is an exceptional case under 15 U.S.C. § 1117(a) that would entitle them to fees.

## CONCLUSION

For these reasons, plaintiff's motion to dismiss the instant action is granted. Plaintiff's claims are dismissed with prejudice, and defendants' claims are dismissed without prejudice. The court also denies defendants' request for attorneys' fees.

**ENTER:**     **July 6, 2004**

_Robert W. Gettleman_
Robert W. Gettleman
United States District Judge